***EFILED***
Case Number 2023CH000035
Date: 6/7/2023 4:54 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| GARY E. MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2023CH000035 |
| | ) |
| BRENDAN KELLY, in his official capacity as | ) |
| Director of the Illinois State Police, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Comes now Plaintiff Gary E. Myers, by and through his attorneys, Thomas G. Maag and the Maag Law Firm, LLC. and for his complaint, states as follows:

### COUNT II

1. At all times relevant, Plaintiff Gary E Myers is a citizen and resident of Madison County, Illinois.

2. That Defendant Brendan Kelly, in his official capacity as Director of the Illinois State Police is the Defendant.

3. That Defendant Kelly is responsible for administering all matters related to Firearms Owners Identification Cards, and for arresting and criminally prosecuting those without same.

4. That Plaintiff wishes to acquire and possess a firearm, for personal private self defense in his home, and but for not having a FOID card, Plaintiff would purchase and possess such a firearm.

5. That literally any legal and effective firearm would be acceptable to Plaintiff.

6. In pursuant to is desired to acquire and possess a firearm, that Plaintiff applied for a Firearms Owners Identification Card, which was denied on May 12, 2023, on the basis that 430 ILCS 65/8(n) prohibits issuing a FOID card to a person prohibited by any *Illinois* state statute or federal law from acquiring or possessing firearms, and that there is some allegedly relevant disqualification from South Carolina from 2017.

7. That as a proximate result of the denial of his FOID card application, Plaintiff cannot lawfully acquire or possess firearms or ammunition in Illinois.

8. On information and belief, the South Carolina matter refers to a non-violent drug conviction.

9. As recently noted by the U.S. Court of Appeals, sitting *en banc*, in *Range v Attorney General*, Case No. 21-2835,

    A:   Plaintiff is one of the people protected by the Second Amendment, and

    B:   The Second Amendment facially protects the right to possess and acuire a firearm, like Plaintiff wishes to do, and

    C:   The Defendant cannot show that the Republic has a longstanding history and tradition of depriving people like Plaintiff of their firearms, § 65/8(n), or any other applicable statute, cannot constitutionally strip him of his Second Amendment rights.

10. That as a FOID card is required under Illinois law to possess or acquire a firearm in Illinois, the right to a FOID card is necessarily constitutionally co-extensive with the right to Keep and Bear Arms under the Second and 14th Amendments, otherwise, the FOID card statute itself would be unconstitutional.

11. That Plaintiff is not a danger to himself or others, and is a law abiding citizen.

12. That the denial of the FOID card application violates Plaintiff's Second and 14th Amendment right.

13. That this action is brought pursuant to 42 U.S.C. 1983.

14. That as this action may relate to the Constitutionality of one or more federal statutes, a copy of this lawsuit has been mailed to the Attorney General of the United States.

WHEREFORE, Plaintiff Humbly requests that this Honorable court enter an order (1) ordering Defendant to issue Plaintiff a fully valid FOID card, (2) declaring 430 ILCS 65/8 unconstitutional, *as applied* to Plaintiff, for such other further and different relief as allowed or required by law for full relief, and pursuant to 42 U.S.C. 1988, for costs and attorney fees.

## COUNT II

1. At all times relevant, Plaintiff Gary E Myers is a citizen and resident of Madison County, Illinois.

2. That Defendant Brendan Kelly is the Director of the Illinois State Police, and is sued in Count I in his official capacity, in a claim challenging the constitutionality of matters with the "state".

3. That Defendant Kelly actually physically resides in St. Clair County.

4. That Plaintiff is not well off, is relatively poor, and suffers from a severe and substantial physical medial condition that limits his ability to travel long distances, such that being forced to litigate in Cook County would be a near physical impossibility, and forcing Plaintiff to litigate in Sangamon County would impose a substantial difficultly for Plaintiff to vindicate his rights.

5. That having been successfully sued on multiple occasions in recent years for violating the constitutional rights of citizens of Illinois, and in violation of their oaths of office,

the Illinois legislature and the governor of Illinois passed and enacted, upon the governor's signature on 6-6-2023, 735 ILCS 5/2-101.5, a copy of which is attached hereto.

6. That the purported statute purports to limit access to the Court by citizens of Illinois, who bring constitutional challenges to unconstitutional actions of the State of Illinois, which, on information and belief, is designed expressly to limit Second Amendment and related challenges to forums that the state considers either more friendly to its position, or sufficiently inconvenient to would be Plaintiffs to deter such actions from being filed in the first place, and abolishes *forum non conveniens* for those cases, no matter how inconvenient or inaccessible the forum is to the victim of the constitutional violation, and no matter where the effect of the Constitutional violation took place.

7. The basis purposes of the general venue statute, as opposed to the challenged statute, was to provide a forum that was convenient either to the defendant, by commencing the action near his home, or to the witnesses, by making it possible to litigate the case where the transaction occurred. No challenge is made to the general venue statute.

8. Because venue is merely a matter of procedure, courts generally cannot interfere with the legislature's province in determining where venue is proper (Chappelle v. Sorenson (1957), 11 Ill.2d 472, 476, 143 N.E.2d 18), unless constitutional provisions are violated.

9. A law fixing venue could be so arbitrary or unreasonable as to deprive defendants of due process. (Mapes v. Hulcher (1936), 363 Ill. 227, 231, 2 N.E.2d 63.)

10. As noted in Chambers v. Baltimore & Ohio R.R. Co. (1907), 207 U.S. 142, 148, 28 S.Ct. 34, 35, 52 L.Ed. 143, 146 (the right to sue and defend in the courts is foundational in our governmental system)).

11. In fact, one of the great crimes against the colonies of King George III, prior to the Revolution, as noted in the Declaration of Independence was, in essence, fixing venue in far off and inconvenient lands.

12. The legal rights which a litigant might seek to exercise or protect exist only to the extent they are enforceable through the court system. Depriving a litigant of the opportunity to use the courts effectively makes these legal rights worthless, which is the intent of the statute, so as to allow the state to violate the Constitution with relative impunity.

13. By making forums far off and inconvenient, and with possibly no connection to the dispute, the challenged statute substantially increases the likelihood of an inability to bring a successful constitutional challenge, especially by the infirm and impoverished, the weakest among us.

14. That the potential safeguard, a *forum non conveniens* motion, is foreclosed by statute.

15. Other than to protect the State from meritorious constitutional challenges, of which the State in good conscience has no legitimate interest, it fails to explain the legislature's arbitrary and sudden shift away from its established principles of venue. It would also encourage other State agencies to evade the purposes of the general venue statute by convincing the legislature to insert, as was done in the case at bar, a single sentence in a statute totally unrelated to civil procedure. This would effectively force every party sued by a State agency to "be entirely at [an agency's] mercy, since

such an action could be made oppressive and unbearably costly" (Heldt, 329 Ill.App. at 414, 69 N.E.2d 97), and place venue "in a faraway place where [the party] neither resides nor carries on any kind of activities" (American Oil Co., 133 Ill.App.2d at 261, 273 N.E.2d 17).

16. While Illinois law requires that the Attorney General represent the State, as defined, in litigation matters, the added administrative burden of requiring the AG to defend suit in the county of the county proper under the general venue statute will indeed be negligible.

17. The Attorney General has satellite offices throughout the State and routinely litigates in every county in Illinois. The Attorney General routinely represents many State agencies in every county in Illinois. To require similar procedures in Constitutional Claims would not require the office of the Attorney General to do anything it does not already do. Each of the Attorney General's local offices is already intimately familiar with local rules and procedures. Therefore, any argument that requiring a Plaintiff to file suits only in counties of Cook and Sangamon would grossly inconvenience the Attorney General has no basis in fact.

18. That based on the totality of the circumstances, the challenged venue statute violates federal due process rights under the Fifth and 14th Amendments.

19. This action is brought pursuant to 42 U.S.C. 1983, and is brought in a venue proper under the general venue statute, but in express and intentional violation of the void and unconstitutional 735 ILCS 5/2-101.5.

WHEREFORE, Plaintiff requests this Honorable Court to declare 735 ILCS 5/2-1001.5(a), unconstitutional, a violative of due process, and(1) to deny any change of venue motion

based upon 735 ILCS 5/2-101.5, (2) to enjoin Defendant Kelly, including his successors in office and successors in authority, and all those under his authority, from challenging the venue of any action, or moving for a change of venue, based upon 735 ILCS 2-101.5, (3) plus such other further and different relief as allowed by law, plus (4) and award of costs and attorney fees pursuant to 42 U.S.C. 1988.

Dated: 6-7-2023

Respectfully Submitted,
Gary E. Myers,

s/Thomas G. Maag
Thomas G. Maag #6272640
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL 62095
Phone: 618-216-5291
tmaag@maaglaw.com