IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY E. MYERS,<br><br>    Plaintiff,<br><br>vs.<br><br>BRENDAN KELLY, in his official capacity as Director of the Illinois State Police,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 3:23-cv-2553-DWD<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Defendant's Motion to Dismiss Count II under Federal Rule of Civil Procedure 12(b)(1). (Doc. 20). Plaintiff did not respond to that Motion to Dismiss Count II. Plaintiff instead filed a Motion to Remand Count II. (Doc. 23). As explained below, the Motion to Dismiss Count II is **GRANTED in part** and **DENIED in part**. Count II is **DISMISSED without prejudice**. The Motion to Remand Count II is **DENIED**.

**I. BACKGROUND**

Plaintiff's 2-Count Complaint was removed from the Circuit Court of Madison County, Illinois, based on the Court's federal question jurisdiction. (Doc. 1).[1] In Count I, which is brought under 42 U.S.C. § 1983, Plaintiff alleges his rights under the Second and Fourteenth Amendments to the U.S. Constitution were violated by Defendant when he denied Plaintiff's application for a Firearm Owners Identification ("FOID") card on May

---

[1] The Court notes that each Count of the Complaint is captioned "Count II." Therefore, the Court will refer to the first captioned Count as "Count I" and the second captioned Count as "Count II."

12, 2023. (Doc. 1-1, pgs. 1-3). Plaintiff seeks an order for Defendant to issue him a FOID card and a declaration that the statute pursuant to which the FOID card application was denied, *i.e.*, 430 ILCS 65/8, is unconstitutional as applied to Plaintiff. (Doc. 1-1, pg. 3).

In Count II, which is purportedly brought under § 1983 and is primarily at issue now, Plaintiff challenges the constitutionality of 735 ILCS 5/2-101.5 under the Fifth and Fourteenth Amendments to the U.S. Constitution. (Doc. 1-1, pg. 6). Section 2-101.5 states:

> § 2-101.5. Venue in actions asserting constitutional claims against the State.
>
> (a) Notwithstanding any other provisions of this Code, if an action is brought against the State or any of its officers, employees, or agents acting in an official capacity on or after the effective date of this amendatory Act of the 103rd General Assembly seeking declaratory or injunctive relief against any State statute, rule, or executive order based on an alleged violation of the Constitution of the State of Illinois or the Constitution of the United States, venue in that action is proper only in the County of Sangamon and the County of Cook.
>
> (b) The doctrine of forum non conveniens does not apply to actions subject to this Section.
>
> (c) As used in this Section, "State" has the meaning given to that term in Section 1 of the State Employee Indemnification Act.
>
> (d) The provisions of this Section do not apply to claims arising out of collective bargaining disputes between the State of Illinois and the representatives of its employees.

735 ILCS 5/2-101.5.

Plaintiff, a resident of Madison County, alleges he "is not well off, is relatively poor, and suffers from a severe and substantial physical medi[c]al condition that limits his ability to travel long distances." (Doc. 1-1, pg. 3). Therefore, litigating in Cook County, Illinois, "would be a near physical impossibility." (Doc. 1-1, pg. 3). Likewise, litigating in

2

Sangamon County, Illinois, "would impose a substantial difficulty for Plaintiff to vindicate his rights." (Doc. 1-1, pg. 3). Plaintiff alleges, *inter alia*, § 2-101.5 was "designed expressly to limit Second Amendment and related challenges to forums that the state considers either more friendly to its position, or sufficiently inconvenient to would be Plaintiffs to deter such actions from being filed." (Doc. 1-1, pg. 4). Plaintiff requests a declaration that § 2-101.5 is unconstitutional as violative of due process, a denial of any motion to change venue under § 2-101.5, and an order enjoining Defendant from challenging the venue of any action by invoking § 2-101.5. (Doc. 1-1, pgs. 6-7).

## II. ANALYSIS

Defendant moves to dismiss Count II under Rule 12(b)(1). Plaintiff, for his part, filed a Motion to Remand Count II rather than a Response to Defendant's Motion to Dismiss Count II. The Court addresses each party's arguments below.

In support of his Motion to Dismiss Count II, Defendant argues Plaintiff lacks standing to challenge § 2-101.5 in federal court and, to the extent he ever had standing, the issue is now moot. (Docs. 20, pg. 1; 21, pgs. 1-2). As to standing, Defendant explains there is no live controversy because the case was properly removed to federal court, where "Illinois' statutes governing venue…including Section 2-101.5…have no application." (Doc. 21, pg. 2). In other words, Defendant cannot now seek to transfer the venue of this action to the Circuit Court of Cook County or Sangamon County. (Doc. 21, pg. 2). Therefore, according to Defendant, Plaintiff cannot show an actual or imminent injury in fact that is traceable to the conduct of Defendant. (Doc. 21, pgs. 3-4).

3

Again, Plaintiff did not respond to Defendant's Motion to Dismiss Count II. Therefore, he has not addressed Defendants arguments as to standing and mootness. Instead, he filed a Motion to Remand Count II, arguing "[i]t is rather incongruous to, on one hand, claim federal subject matter jurisdiction in [the] Notice of Removal, and then in the next, [to] claim a Count should be dismissed for lack of subject matter jurisdiction, but that is what has happened." (Doc. 23, pg. 1). Plaintiff cites 28 U.S.C. § 1447(c) to argue Count II should return to state court, stating: "if Defendant is correct about this Court's jurisdiction over Count II, it is back to state court that count must go." (Doc. 23, pg. 1).

In Response to the Motion to Remand, Defendant emphasizes that Plaintiff does not contest the argument that § 2-101.5 has no application in federal court. (Doc. 26, pg. 2). Defendant further emphasizes that Plaintiff does not seek to remand Count I, which would be inappropriate in light of the federal question presented. (Doc. 26, pg. 2).

Now, if a plaintiff lacks standing, then the Court is without subject matter jurisdiction. *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018). Under Rule 12(b)(1), a party may assert a lack of subject matter jurisdiction in a motion to dismiss. Fed. R. Civ. P. 12(b)(1). The Court is required to dismiss an action, at any time, if it finds a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Golemine, Inc. v. Town of Merrillville, Indiana*, 652 F. Supp. 2d 977, 980 (N.D. Ind. 2009). When considering a motion to dismiss under this procedural posture, the Court accepts as true all well-pleaded facts, draws all reasonable inferences for the plaintiff, and looks beyond the jurisdictional allegations to any evidence that is submitted on the issue of subject matter

4

jurisdiction. *Kylie S. v. Pearson PLC*, 475 F. Supp. 3d 841, 845 (N.D. Ill. 2020) (citing *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007)).

As to the standing inquiry, the plaintiff has the burden of establishing an injury in fact that is traceable to the defendant's conduct and is redressable by the Court. *Casillas v. Madison Ave. Assoc.*, 926 F.3d 329, 333 (7th Cir. 2019) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *Kylie S.*, 475 F. Supp. 3d at 845. This requirement is derived from Article III, which limits a federal court's authority to the resolution of cases or controversies. *Casillas*, 926 F.3d at 333 (quoting U.S. Const. art. III, § 2). As such, if a plaintiff does not allege an injury that was caused by the defendant and that can be remedied by the Court, then he or she has not alleged a case or controversy. *Id.*

An injury in fact, which has been "described as the '[f]irst and foremost' element of [the] standing" requirement, "is 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.' " *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998); *Lujan*, 504 U.S. at 560); *accord Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 877 (7th Cir. 2020). To be concrete, the injury in fact must actually exist or the plaintiff must face a substantial risk of injury. *Kylie S.*, 475 F. Supp. 3d at 845 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016); *Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1019-20 (7th Cir. 2016)). The harm from the injury in fact need not be tangible to be concrete; however, it must be real and not abstract. *Casillas*, 926 F.3d at 333 (quoting *Spokeo*, 578 U.S. at 339); *see also Sexton v. Target Corp. Servs., Inc.*, No. 21-cv-1492, 2022 WL 2817124, *2 (E.D. Wisc. July 19, 2022) ("Concrete injuries include both 'traditional tangible harms,

5

such as physical harms and monetary harms,' and intangible harms, including 'reputational harms, disclosure of private information, and intrusion upon seclusion.' "). To be actual or imminent, "a threatened injury must be 'certainly impending' " as opposed to "merely 'possible.' " *Bost v. Illinois State Bd of Elections*, --- F. Supp. 3d ----, 2023 WL 4817073, *5 (N.D. Ill. July 26, 2023) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). To be particularized, an injury in fact must affect the plaintiff personally and individually. *Kylie S.*, 475 F. Supp. 3d at 845 (*Spokeo*, 578 U.S. at 340). A "generalized grievance," *i.e.*, one shared by all or a large subset of citizens, cannot confer standing. *Bost*, 2023 WL 4817073, *5 (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

Traceability, by extension, measures causation in the standing inquiry. *Garrison v. U.S. Dep't of Educ.*, 636 F. Supp. 3d 935, 940 (S.D Ind. 2022) (citing *Allen v. Wright*, 468 U.S. 737, 753 n. 19 (1984)). It ensures that the injury in fact flows from the conduct of the defendant and not "from 'the independent action of some third party not before the court.' " *Id.* (citing *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41-42 (1976)). Finally, to assess whether an injury is redressable for purposes of standing, the Court "consider[s] the relationship between 'the judicial relief requested' and the 'injury' suffered." *California v. Texas*, 593 U.S. 659, 671 (2021) (quoting *Allen*, 468 U.S. 753 n. 19).

Here, Defendant removed this case based upon the Court's federal question jurisdiction. Count I alleges Defendant's conduct violated § 1983 and the Second and Fourteenth Amendments to the U.S. Constitution. (Doc. 1-1, pgs. 1-3). Defendant now emphasizes his belief that Count I is properly before the Court, and Plaintiff does not contest that position. (Doc. 26, pg. 2). Likewise, Count II, as pled, challenges § 2-101.5

6

pursuant to § 1983 and the Fifth and Fourteenth Amendments to the U.S. Constitution. (Doc. 1-1, pg. 6). It is at this point that the parties' views of the case appear to diverge, as Defendant maintains, *inter alia*, Plaintiff lacks standing to assert Count II. It is also noteworthy that, while subject matter jurisdiction and, by extension, standing, cannot be waived, Plaintiff presents no responsive argument whatsoever on that pressing issue. *See Brooks v. USA Track & Field, Inc.*, 659 F. Supp. 3d 966, 971 n. 2 (S.D. Ind. 2023). As stated above, Plaintiff merely tepidly asserts, "if Defendant is correct about this Court's jurisdiction over Count II, it is back to state court that count must go." (Doc. 23, pg. 1).

In any event, the Court now agrees that Plaintiff presently lacks standing to assert Count II. Defendant has taken no action under § 2-101.5. As such, Plaintiff has not suffered an injury in fact, *i.e.*, a transfer of venue from the Circuit Court of Madison County to the Circuit Court of Cook County or Sangamon County. By extension, Plaintiff has not suffered the harm of which he complains, namely, a constitutional violation or the financial and physical burden of traveling to Cook County or Sangamon County. (Doc. 1-1, pg. 3). Also, in light of the removal of the Complaint to this Court, Plaintiff does not presently face the threat of such a venue transfer. Of course, Plaintiff could, consistent with the disposition discussed in further detail below, refile Count II in the Circuit Court of Madison County, at which point Plaintiff would again be subject to the provisions of § 2-101.5. However, at this time, no injury in fact exists and Plaintiff has presented no argument that a risk of an injury in fact, stemming from the prospect that he would refile Count II in the Circuit Court of Madison County, is anything other than abstract and "merely 'possible,' " especially in light of Count II's invocation of § 1983 and the Fifth

and Fourteenth Amendments to the U.S. Constitution. *See Casillas*, 926 F.3d at 333; *Kylie S.*, 475 F. Supp. 3d at 845; *Hummel*, 817 F.3d at 1019-20; *Bost*, 2023 WL 4817073, *5. As a result of these findings, Plaintiff also cannot trace an injury in fact, that is redressable by the Court, to Defendant's conduct. *See Garrison*, 636 F. Supp. 3d at 940; *California*, 593 U.S. at 671; *see also Collins v. Yellen*, 141 S. Ct. 1761, 1779 (2021) ("[F]or purposes of traceability, the relevant inquiry is whether the plaintiffs' injury can be traced to 'allegedly unlawful conduct' of the defendant, not to the provision of law that is challenged.").

By virtue of these conclusions, the Court need not address the alleged mootness of Count II. Also, the Court stresses that it has not and, indeed, it could not, opine on the constitutionality of § 2-101.5 in the absence of subject matter jurisdiction. Likewise, the Court takes no position on whether, on a different record, standing could be established to challenge § 2-101.5. Again, it was Plaintiff who had the burden of doing so in this case. *See Kylie S.*, 475 F. Supp. 3d at 845. Beyond the mere allegations contained in Count II, however, Plaintiff did not participate in the arguments on or present a theory of standing. Plaintiff made the tactical decision to defer on the standing issue and instead to file a Motion to Remand Count II. On this record, the Court could only rule that Plaintiff, at this time, lacks standing, foreclosing consideration of the broader constitutional issues.

Having found Plaintiff lacks standing to assert Count II, the Court must decide the appropriate way forward in this case. Count I still presents a federal question; however, in light of the above conclusion, the Court lacks subject matter jurisdiction over Count II. Notably, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case* shall be remanded." 28 U.S.C. § 1447(c); *accord Matter*

8

*of Continental Cas. Co.*, 29 F.3d 292, 293-94 (7th Cir. 1994). This provision has been the subject of much discussion among courts addressing issues similar to those presented in this case. As their decisions indicate, the Courts have not always spoken in unison on the issues. The Court begins, as it must, with the guidance from our Supreme Court.

In *Wisconsin Department of Corrections v. Schacht*, the Supreme Court decided whether claims, subject to an Eleventh Amendment bar, destroyed removal jurisdiction. *See* 524 U.S. 381, 386 (1998). The Supreme Court noted, as to removal jurisdiction, courts look at the case at the time it was filed in the state court. *Id*. at 390 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)). The Supreme Court also noted its case was akin to that in which "a *later* event…destroy[ed] previously existing jurisdiction," which causes "a federal court…[to] *keep* a removed case." *Id*. at 391 (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 293-95; *Phelps v. Oaks*, 117 U.S. 236, 240-241 (1886); *Kanouse v. Martin*, 15 How. 198, 207-10 (1853); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (Emphasis in original.)). Since the case fell within the original jurisdiction of the federal courts at the time of removal, the Supreme Court found the later invocation of the Eleventh Amendment placed *the particular claim* beyond the power of the federal courts but it did not destroy removal jurisdiction *over the entire case. Id*.

Also, under the plain language of § 1447(c), the Supreme Court rejected the respondent's argument that "if the 'district court lack[ed] subject matter jurisdiction' over *any* claim, then *every* claim, i.e., the entire 'case,' [had to] be 'remanded' to the state court." *Id*. at 391-92 (Emphasis in original.). The Supreme Court emphasized that "[a]n ordinary reading" of § 1447(c) reveals that it references situations where a federal court lacks

9

subject matter jurisdiction over *a case* and not simply over *one claim within a case*. *Id*. at 392 (quoting § 1447(c)); *see also Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023) (stating "§ 1447(c) requires the court to remand the 'case,' not discrete claims."); *compare* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction."). Nevertheless, the Supreme Court acknowledged, "[c]onceivably, one might also read the statute's reference to 'case' to include a claim within a case as well as the entire case," such that a remand of the relevant claims, but not the entire case, would be required. *Schacht*, 524 U.S. at 392. These different readings of § 1447(c) were inconsequential in *Schacht*. *Id*. The Supreme Court reiterated its conclusion as follows:

> A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim. But that circumstance does not destroy removal jurisdiction over the remaining claims in the case before us. A federal court can proceed to hear those other claims, and the District Court did not err in doing so.

*Id*. at 392-93.

Notwithstanding the Supreme Court's recognition of § 1447(c)'s "ordinary reading," some courts have acted pursuant to the other "[c]onceivabl[e]" reading of that statute by remanding some, but not all, of the claims to the state court. *Id*. at 392; *see also Gabriel, LLC v. PMG Mid Atlantic, LLC*, No. 21-TDC-2961, 2023 WL 6879091, *3 (D. Md. Oct. 18, 2023); *Tarpon Transp. Servs., Inc. v. Total Quality Logistics, LLC*, No. 20-cv-2656, 2021 WL 3111641, *3 (M.D. Fla. July 22, 2021); *Buscema v. Wal-Mart Stores East LP*, 485 F. Supp. 3d 1319, 1330-33 (D. N.M. 2020); *Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 960-61 (N.D. Cal. 2015), *abrogated on other grounds*, *Davidson v. Kimberly-Clark Corp.*,

10

889 F.3d 956 (2018); *California v. Northern Trust Corp.*, No. 12-cv-1813, 2013 WL 1561460, *5-6 (C.D. Cal. April 10, 2023). At base, the divergent views of the courts can best be attributed to differences of opinion on how to read § 1447(c) in light of the *Schacht*.

In *Lee v. American National Insurance Company*, the Ninth Circuit recognized *Schacht* "makes clear that a district court may not under § 1447(c) remand a case in its entirety where there is subject matter jurisdiction over some portion of it." 260 F.3d 997, 1002 (9th Cir. 2001). Similarly, *Lee* acknowledged, under *Schacht*, a "case *must* be remanded only if subject matter jurisdiction is lacking over *the entire case*, and not over just some of the…*claims*." *Id*. at 1006 (citing *Schacht*, 524 U.S. at 392) (Emphasis added.). Since the district court lacked jurisdiction to decide only some, but not all, of the claims, the Ninth Circuit in *Lee* concluded the district court "could not have remanded…[the] entire case." *Id*. Whether the defective claims were dismissed by the district court or by the plaintiff, the Ninth Circuit noted that there should be no obstacle to the refiling of the claims in the state court, as the plaintiff apparently had viable and timely claims. *Id*.

When reaching these conclusions, however, the *Lee* court stated that it did not have to decide whether the district court could remand *only* the defective claims, as that was not the position taken on appeal. *Id*. at 1007. As an aside, though, the *Lee* court stated:

> *Schacht* left open the possibility that § 1447(c) might permit a district court to retain claims over which the court has subject matter jurisdiction, but remand those over which it lacks jurisdiction. 524 U.S. at 392, 118 S.Ct. 2047. ("Conceivably, one might also read [§ 1447(c)'s] reference to 'case' to include a claim within a case as well as the entire case….[This reading] requires remand only of the relevant claims, and not the entire case."). Some support for this interpretation of § 1447(c) derives from the historical origins of the term "civil action" in the removal statutes. *See Charles D. Bonanno Linen Serv. Inc. v. McCarthy,* 708 F.2d 1, 11 (1st Cir. 1983); *Langford*

11

>*v. Gates,* 610 F. Supp. 120, 122 (C.D. Cal. 1985). For the procedural reasons delineated in the text, however, we have no occasion in this case to decide whether such a partial remand would be appropriate.

*Id.* at 1007 n. 8.

Notably, the Court recently considered a similar issue in *City of East St. Louis v. Monsanto Co.,* No. 21-cv-232, 2024 WL 1072036, *3-7 (S.D. Ill. March 12, 2024). After articulating the above legal authorities in substantially the same manner, the Court found, *inter alia*, the circumstances supported neither a full remand of the case nor a partial remand of a claim under § 1447(c), as understood by *Schacht* and its progeny. *Id.* at *7. Thus, the Court dismissed the individual claim at issue without prejudice. *Id.* at *7.

Here, the Court lacks subject matter jurisdiction over Count II, but not Count I, of the Complaint. Under § 1447(c), this lack of subject matter jurisdiction over a claim does not mandate a remand of the case. *See Schacht*, 524 U.S. at 391-92; *Lee*, 260 F.3d at 1002. And, again, neither party seeks that relief. Under the above authorities and an "ordinary reading" of § 1447(c), however, it remains the Court's opinion that the best course of action is to dismiss Count II, without prejudice, rather than to allow a partial remand to the Circuit Court of Madison County. *See City of East St. Louis*, 2024 WL 1072036 at *3-7; *see also Parker v. Fed. Highway Admin.*, No. 22-cv-291, 2022 WL 17103830, *3 (S.D. Ind. Nov. 21, 2022) (remand could not be granted where "ordinary reading" of § 1447(c), recognized in *Schacht*, does not contemplate a "partial remand," so the court could only remand *the case* or dismiss *the claims* over which it lacked subject matter jurisdiction); *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-cv-5345, 2021 WL 1180058, *6-7 (S.D. N.Y. March 29, 2021) (dismissing claims without prejudice because, although the Supreme Court has not

definitively decided whether § 1447(c) authorizes a remand of individual claims, the "ordinary reading" of § 1447(c), recognized in *Schacht*, "strongly suggest[s] that it does not," especially where the claims did not originate in state court and § 1447(c), unlike § 1441(c), refers to the "case" and not to the severance and remand of "claims"). It will then be up to Plaintiff to assess the best way forward for Count II. *See Lee*, 260 F.3d at 1006; *see also Flynn v. FCA US LLC*, 39 F.4th 946, 954 (7th Cir. 2022) ("When a district court concludes that the plaintiff lacks standing—and thus that the court lacks jurisdiction—the judge may either dismiss without leave to amend or dismiss without prejudice.").

### III. CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss Count II is **GRANTED in part** and **DENIED in part**. Count II is **DISMISSED without prejudice**. Plaintiff's Motion to Remand Count II is **DENIED**.

**SO ORDERED.**

Dated: April 22, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge